SENTELLE, Senior Circuit Judge,
dissenting in part:
I will not restate either the facts or the background law, as I fully agree with my colleagues’ statements on those subjects. Indeed, I agree with virtually everything in Judge Williams’ opinion, save for its conclusion, and I even agree with part of that. My colleagues believe that the preliminary injunction entered by the district court must be vacated, as plaintiffs have failed to establish a “substantial likelihood of success on the merits.” Brown Op. 562-63; Williams Op. 566. I agree. However, my colleagues also believe that the case should be remanded for further proceedings. I do not agree. Like Judge Williams, I believe that the failure to establish the likelihood of success depends at least in the first instance on plaintiffs’ inability to establish the jurisdiction of the court. I also agree with Judge Williams that plaintiffs have not established the jurisdiction of the court. That being the case, I would not remand the case for further proceedings, but would direct its dismissal.
As my colleagues recognize, in order to bring a cause within the jurisdiction of the court, the plaintiffs must demonstrate, inter alia, that they have standing. “[T]o show standing, a plaintiff must demonstrate an ‘injury in fact’ that is ‘actual or' imminent, not conjectural or hypothetical.’ ” Williams Op. at 566 (quoting Friends of the Earth, Inc. v. Laidlaw Envt’l Servs. (TOC), Inc., 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). As Judge Williams goes on to note, “[p]laintiffs claim to suffer injury from government collection of records from their telecommunications provider relating to their calls.” Id. at 566; see also Brown Op. 563. However, plaintiffs never in any fashion demonstrate that the government is or has been collecting such records from their telecommunications provider, nor that it will do so. Briefly put, and discussed in more detail by Judge Williams, plaintiffs’ theory is that because it is a big collection and they use a big carrier, the government must be getting at their records. While this may be a better-than-usual conjecture, it is nonetheless no more than conjecture.
As Judge Williams further notes, “Clapper v. Amnesty International, — U.S. -, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013), represents the Supreme Court’s most recent evaluation of comparable inferences and cuts strongly against plaintiffs’ claim that they have a substantial likelihood of prevailing as to standing.” Williams Op. at 566-67. While Clapper involved collection under a different statutory authorization, the standing claims of the plaintiffs before us and the plaintiffs in that case are markedly similar. In fact, the plaintiffs’ claim before us is weaker than that of the Clapper plaintiffs. The Clapper plaintiffs at least claimed that the government had previously targeted them or someone with whom they were communicating. The plaintiffs before us make no such claim. I would go farther than Judge Williams. Clapper does not just “cut[] strongly against plaintiffs’ claims that they have a substantial likelihood of prevailing as to standing,” Clapper cuts their claims out altogether.
*570 Plaintiffs have not demonstrated that they suffer injury from the government’s collection of records. They have certainly not shown an “injury in fact” that is “actual or imminent, not conjectural or hypothetical.” Friends of the Earth, Inc., 528 U.S. at 180, 120 S.Ct. 693. I agree with the conclusion of my colleagues that plaintiffs have not shown themselves entitled to the preliminary injunction granted by the district court. However, we should not make that our judicial pronouncement, since we' do not have jurisdiction to make any determination in the cause. I therefore would vacate the preliminary injunction as having been granted without jurisdiction by the district court, and I would remand the case, not for further proceedings, but for dismissal.
In Clapper, the Court stated, “Yet respondents have no actual knowledge of the Government’s ... targeting practices. Instead, respondents merely speculate and make assumptions about whether their communications with their foreign contacts will be acquired....” 133 S.Ct. at 1148. After discussing the speculative nature of plaintiffs’ claims, the Supreme Court summed up its decision as “respondents’ speculative chain of possibilities does not establish that injury based on potential future surveillance is certainly impending or is fairly traceable to [the government’s acts].” Id. at 1150. Therefore, in a conclusion fully applicable to the case before us, the Supreme Court held “that respondents lack Article III standing because they cannot demonstrate that the future injury they purportedly fear is certainly impending and because they cannot manufacture standing by incurring costs in anticipation of non-imminent harm.” Id. at 1155.
Without standing there is no jurisdiction. Without jurisdiction we cannot act. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Therefore, I agree with my colleagues that the issuance of the preliminary injunction was an ultra vires act by the district court and must be .vacated. However, I believe we can do no more. I would remand the case for dismissal, not further proceedings.